[Cite as *Malone v. Ford*, 2021-Ohio-330.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

FOREST J. MALONE,                     :        Case No. 20CA903

    Plaintiff-Appellant,            :

    v.                              :        <u>DECISION AND</u>
                                               <u>JUDGMENT ENTRY</u>
RICHARD FORD, ET AL.,                 :

    Defendants-Appellees.           :        **RELEASED 1/29/2021**

---

<u>APPEARANCES</u>:

Forest J. Malone, Portsmouth, Ohio, pro se.

Stacy M. Brooks, Waverly, Ohio, for appellees.

---

Hess, J.

**{¶1}**   Forest J. Malone appeals the trial court's judgment in his favor on his conversion claim and awarding him $150, plus interest and court costs. Malone argues that the award of $150 in damages is absurdly inadequate. He contends that he presented evidence that entitled him to an award of damages in the sum of $62,000.   Malone contends that the judge, who served as the factfinder, was prejudiced, arguing that "there must be a conflict of interest."

**{¶2}**   Appellees argue that Malone's appeal should be dismissed for failure to file a brief that conforms with the Appellate Rules of Procedure. Alternatively, appellees assert that the evidence presented in the trial court supports the damages award.

I.   PROCEDURAL HISTORY

**{¶3}**   Malone filed a complaint against Richard Ford, Tracey Young, and Michael Young alleging a conversion of his property as it relates to a mobile home trailer and its

contents situated on Lake White. The trial court conducted a bench trial and found in favor of Malone on his claim of conversion of property.[1] The court found that Malone was entitled to damages but that he failed to establish the fair market value of the property sufficient to rebut the testimony provided by Michael Young. Malone was awarded $150 in compensatory damages, plus statutory interest and court costs.

**{¶4}** Malone appealed the judgment and filed his brief. We ordered him to file a brief that complied with App.R. 16 and his original filing was stricken. Malone filed a second brief and again we informed him it was not compliant. Malone filed a third brief and we issued an order for appellees to file their responsive brief. Although Malone's brief does not comport with App.R. 16, we are able to discern the purported error he raises and the relief he requests.

> Because we prefer to review a case on its merits rather than dismiss it due to procedural technicalities, we give considerable leniency to pro se litigants. "Limits do exist, however. Leniency does not mean that we are required 'to find substance where none exists, to advance an argument for a pro se litigant or to address issues not properly raised.' " We consider a pro se litigant's appellate brief if it contains some cognizable assignment of error. (Citations omitted.)

*Viars v. Ironton,* 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 25. Therefore, in the interest of justice, we will review the merits of his appeal.

**{¶5}** Malone contends that his damages award of $150 on his conversion claim is absurdly inadequate and that the factfinder must have a conflict of interest. He argues that the contents of the trailer had a value of $18,000, the trailer had a value of $24,000, and he experienced emotional "stress" and additional expenses related to boat storage,

---

[1] A trial transcript was not included in the record.

which totaled another $20,000. He states that his total damages are $62,000, making the award of $150 woefully inadequate.

## II. LAW AND ANALYSIS

**{¶6}** A factfinder's "determination of damages will 'not be set aside unless the damages awarded were so excessive as to appear to have been awarded as a result of passion or prejudice, or unless the amount is so manifestly against the weight of the evidence as to show a misconception' " by the factfinder of its duties. *Black v. Hicks*, 8th Dist. Cuyahoga No. 108958, 2020-Ohio-3976, ¶ 78-82, quoting *Berris v. Zaremba*, 8th Dist. Cuyahoga No. 60043, 1992 WL 74222 (Apr. 9, 1992). The assessment of damages is so thoroughly within the province of the factfinder that a reviewing court is not at liberty to disturb the award "absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive." *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 655, 635 N.E.2d 331 (1994). "The size of the verdict, standing alone, is insufficient to establish passion or prejudice." *Eisnaugle v. Munn*, 4th Dist. Jackson No. 00CA12, 2000-Ohio-2037, *3.

**{¶7}** A party seeking to challenge the factfinder's determination of damages does so by filing a motion under Civ.R. 59 for new trial in the trial court. The failure to raise an issue before the trial court waives that party's right to raise the issue on appeal. *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). "An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Internal quotations omitted.) *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19

N.E.3d 900, ¶ 15. Thus, by failing to raise an issue to the trial court, an appellant forfeits that issue on appeal. *Risner v. Ohio Dept. of Natural Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 26; *Black v. Hicks,* 2020-Ohio-3976, at ¶ 81 (party who fails to file a motion for a new trial under Civ.R. 59 forfeits any errors in the damages award on appeal).

{¶8} Although Malone forfeited any error in the damages award by failing to object or otherwise raise the argument in the trial court, "[a]ppellate courts may, however, consider a forfeited argument using a plain-error analysis." *Eichenlaub v. Eichenlaub*, 2018-Ohio-4060, 120 N.E.3d 380, ¶ 21 (husband failed to raise his argument challenging spousal support award and thus forfeited it on appeal). However, "[a]n appellate court 'must proceed with the utmost caution' in applying the doctrine of plain error in a civil case." *Risner* at ¶ 27*,* quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997); *Jones v Cleveland Clinic Found.*, __Ohio St.3d__, 2020-Ohio-3780, __N.E.3d__, ¶ 24. "Plain error should be strictly limited 'to the *extremely rare* case involving *exceptional* circumstances when the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself.' " (Emphasis sic.) *Risner* at ¶ 27, quoting *Goldfuss* at 122; *Berry v. Paint Valley Supply, LLC, et al.*, 4th Dist. Highland No. 16CA19, 2017-Ohio-4254, ¶ 29-30.

{¶9} We decline to apply the doctrine of plain error to this civil case. Malone failed to provide a trial transcript, thus we have no choice but to presume the validity of the trial court's proceedings:

> Pursuant to App.R. 9(B), it is the appellant's responsibility to order a complete transcript if he intends to argue that a finding is contrary to the weight of the evidence. This duty falls upon the appellant "because the appellant bears the burden of showing error by reference to matters in the

record." *Plum Run, Inc. v. Cantor*, 4th Dist. Jackson No. 02CA14, 2003–Ohio-5545, ¶ 11. Where an appellant fails to provide the portions of the transcript required by an appellate court to resolve the assigned errors, "the appellate court has no choice but to presume the validity of the trial court's judgment and affirm." *Id.*

*Am. Family Ins. Co. v. Hoop*, 4th Dist. Adams No. 13CA983, 2014-Ohio-3773, ¶ 36; 5 Ohio Jur. 3d Appellate Review § 455 ("An appellate court has nothing to pass on if the appellant fails to provide a transcript of the lower court's proceedings, and the appellate court has no choice but to presume the validity of the lower court's proceedings").

### III. CONCLUSION

**{¶10}** Malone forfeited any errors in the determination of damages when he failed to preserve the issue for appellate review and because he failed to provide a trial transcript, we presume the trial court's damages determination was valid. We overrule Malone's assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.


For the Court



BY: _____
     Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**