[Cite as *Capital One Bank v. Rose*, 2018-Ohio-2209.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA) N.A., | : | Case No. 18CA3628 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| LINDSEY ROSE A/K/A LINDSEY BURNS, | : | |
| | | **RELEASED: 06/01/2018** |
| Defendants-Appellants. | : | |

APPEARANCES:

Lindsey Rose, Chillicothe, Ohio, pro se appellant.

Andrew P. Schreiber, Columbus, Ohio, for appellee.

Harsha, J.

{¶1}   Lindsey Rose appeals from the summary judgment entered in favor of Capital One Bank (USA) N.A. ("Capital One") on a credit card account.  First Rose asserts that the trial court should have granted her motions to dismiss for lack of personal jurisdiction because the bank did not submit any evidence that the Ohio Constitution, statutes, and law applied to her.

{¶2}   However, Rose does not argue insufficient service of process and voluntarily made her appearance. She also listed her residence address as Chillicothe, Ohio in her filings in the trial court.  Because it is axiomatic that Ohio courts can exercise jurisdiction over a person who is an Ohio resident, we reject Rose's assertion.

{¶3}   Next Rose claims that the trial court erred in granting summary judgment in favor of Capital One.  She forfeited her claim that she was denied effective discovery by failing to request a continuance pursuant to Civ.R. 56(F) to complete discovery before responding to the bank's motion for summary judgment.  And she failed to raise

a genuine issue of material fact about whether Ohio laws apply to her, an Ohio resident. Her final contention is that summary judgment was improper because there was no evidence of the bank's counsel's authority to act on its behalf. However, she failed to cite any supporting authority for this novel proposition. Moreover, in discovery the Bank listed the attorneys who had signed the complaint.

{¶4}   We reject Rose's claims and affirm the judgment entered in favor of Capital One.

## I. FACTS

{¶5}   Capital One filed a complaint against Rose in the Chillicothe Municipal Court for $7,578.17 due on a Visa credit card account. The bank attached a bill to the account indicating that Rose owed it that amount. The clerk of the municipal court served a copy of the complaint and summons by certified mail at her residence address in Chillicothe, Ohio.

{¶6}   Rose filed a motion to dismiss the complaint "for want of personal, territorial, and subject-matter jurisdiction," but included no argument or citation of authorities in support. She listed her Chillicothe address on the motion. The trial court denied the motion because Rose "has not provided the Court with any factual or legal information to support the motion."

{¶7}   Rose then filed an answer and a second motion to dismiss the complaint. Among other things she contended that dismissal of the complaint was warranted because Capital One failed to support its claim that the Ohio Constitution, codes, or rules applied to her, and that it had failed to establish that the trial court had jurisdiction. Rose did not assert failure of service of process and voluntarily made her appearance in

court. She again listed her Chillicothe residence address on her filing.  After the bank filed a memorandum in opposition, the trial court denied Rose's second motion to dismiss.

{¶8}    Discovery proceeded, and Rose filed a "motion to compel production of authority of attorneys to act for plaintiff."  In the bank's verified answers to Rose's interrogatories, it listed the attorneys representing Capital One in the case.

{¶9}    Capital One filed a motion for summary judgment, which included an affidavit from an employee of an affiliate of the bank. This affiliate provides services in connection with its credit card and related banking practices. The affidavit stated, based on personal knowledge:  (1)  the bank's books and records are made and maintained in the ordinary course of its regularly conducted business activity; (2) Capital One is the original creditor on the account, which was opened in Rose's name to obtain an extension of credit to buy goods and services and get cash advances in accordance with the customer agreement; (3) the bank's books and records show that Rose was indebted on the account in the sum of $7,578.17 as of September 21, 2017; and (4) nothing in the bank's records indicate that Rose is a minor, mentally incompetent, or otherwise incapacitated.  Copies of the customer agreement and the bank records relating to Rose's account were attached to the affidavit.  Another affidavit from one of the bank's attorneys stated that the contract forming the basis of the bank's claim was executed in Ross County and that Rose lived in that county.

{¶10}  Rose filed a memorandum in opposition to the bank's motion for summary judgment and a motion to strike the bank's affidavits.  Rose did not file any supporting

affidavits.  The only affidavits she attached to her memorandum were those previously filed by the bank with its motion.

{¶11}  The trial court granted Capital One's motion and entered summary judgment in its favor, ordering Rose to pay the bank $7,578.17, plus post-judgment interest, and costs.

## II. ASSIGNMENTS OF ERROR

{¶12}   Rose is acting pro se in this appeal and because we prefer to review cases on the merits rather than dismiss them due to procedural technicalities, we afford considerable leniency to pro se litigants.  *See Viars v. Ironton*, 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 25.  But leniency is not tantamount to advancing an argument for the pro se litigant where none exists.  *Id.*

{¶13}  The general rule remains that pro se litigants are held to the same rules, procedures, and standards as litigants who are represented by counsel, i.e., "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants."  *Gould v. Gould*, 4th Dist. Lawrence No. 16CA30, 2017-Ohio-6896, ¶ 52.  Rose did not comply with App.R. 16(A)(3) because she did not set forth any assignments of error in her brief; consequently we have the discretion to disregard her appeal and summarily affirm the trial court's judgment.  *Barley v. Hearth and Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 4.

{¶14}  Nevertheless, it is evident from a review of Rose's brief, including her statement of issues and argument, that she contests the trial court's denial of her motions to dismiss Capital One's complaint for lack of personal jurisdiction and its entry

of summary judgment in Capital One's favor.  *Viars* at ¶ 25 ("We consider a pro se litigant's appellate brief if it contains some cognizable assignment of error").  Therefore, we will exercise our discretion to consider the following assignments of error based on her brief:

1. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER HER.

2. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

### III. LAW AND ANALYSIS

#### A. Motions to Dismiss for Lack of Personal Jurisdiction

**{¶15}**  In her first assignment of error Rose asserts that the trial court erred in denying her motions to dismiss for lack of personal jurisdiction.  She claims that there was insufficient evidence that the Ohio Constitution and law apply to her.

**{¶16}**  "Personal jurisdiction is a question of law that appellate courts review de novo." *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 11.  Because the trial court decided Rose's Civ.R. 12(B)(2) motions to dismiss for lack of personal jurisdiction upon written submissions and without an evidentiary hearing, Capital One had to make only a prima facie showing of personal jurisdiction over her. *Kaufman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27.  "In making its determination, the court 'must view allegations in the pleading and the documentary evidence in a light most favorable' to the plaintiff and resolv[e] all reasonable inferences in favor of the plaintiff.' " *Id.* quoting *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

**{¶17}** " 'It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant.' " *State ex rel. Doe v. Capper*, 132 Ohio St .3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 13, quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). " '[F]or a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.' " *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183-184, 553 N.E.2d 650 (1990); *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 20.

**{¶18}** The trial court obtained personal jurisdiction over Rose by serving her with the complaint at her residence address by certified mail under Civ.R. 4.1(A). Rose then voluntarily entered an appearance in the case and submitted filings, including her complaint and motions to dismiss, which contained her Chillicothe residence address on them. "It is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio." *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 116 Ohio St.3d 167, 2007-Ohio-5753, 876 N.E.2d 1226, ¶ 5.

**{¶19}** Therefore, the trial court did not err by denying Rose's motions to dismiss for lack of personal jurisdiction. Her own filings, including her motions, established that Rose was a resident within the territorial jurisdiction of the Chillicothe Municipal Court; she was properly served with a copy of Capital One's complaint and entered an appearance. The record is thus uncontroverted that Ohio laws are applicable to her.

**{¶20}** Insofar as Rose's motions could be interpreted to contest the territorial or subject-matter jurisdiction of the trial court, these contentions are similarly meritless.

*See* R.C. 1901.02(B) ("In addition to the jurisdiction set forth in division (A) of this section, the municipal courts established by section 1901.01 of the Revised Code have jurisdiction as follows: * * * The Chillicothe municipal court has jurisdiction within Ross county"); R.C. 1901.18(A) ("Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions: * * * (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract").

**{¶21}** Likewise, Rose's claim (in her second motion to dismiss) that Capital One was required to plead specific facts rather than conclusory allegations to support its claim is meritless. *See Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 5 (4 Dist.) ("Because Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity"); Klein and Darling, *1 Baldwin's Oh. Prac. Civ. Prac.*, § 12:9 (2016) ("A plaintiff is not required to prove his or her case in the complaint, since the plaintiff's lack of access to relevant evidence would allow dismissal of many valid claims").

**{¶22}** We overrule Rose's first assignment of error.

B.  Summary Judgment

**{¶23}** In her second assignment of error Rose contends that the trial court erred by granting Capital One's motion for summary judgment on the bank's claim against her.   Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56.  *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19.  Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made and (3) the moving party is entitled to judgment as a matter of law.  Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

**{¶24}** The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial.  *Dresher* at 293, 75 Ohio St.3d 280, 662 N.E.2d 264.

**{¶25}** Rose basically makes two arguments to support her claim that the trial court erred in granting summary judgment in favor of Capital One:  (1) she reiterates her claim that the trial court lacked personal jurisdiction over her and argues, without citation to any pertinent authority, that Ohio laws are inapplicable to her; and (2) she

contends that Capital One's attorneys did not present evidence to establish that they were authorized to represent the bank in the case.

{¶26} We have already decided that the trial court properly exercised personal jurisdiction over her based on her residency within the territorial jurisdiction of the court, personal service upon her, and her appearance in court.

{¶27} Notwithstanding Rose's claim that the bank's witnesses lacked personal knowledge the first affidavit attached to the bank's summary judgment motion stated that it was based on the affiant's personal knowledge of the manner and method the bank created and maintained computer records of customer accounts.

{¶28} She cites no applicable or persuasive authority supporting her contention that the Ohio Constitution and laws were inapplicable to her.  In fact, Capital One's summary-judgment evidence established that Rose entered into the contract with the bank in Ross County, where she lived.

{¶29} Rose failed to preserve her claim that the trial court denied her effective discovery to counter the bank's summary judgment motion by not requesting a continuance under Civ.R. 56(F) to permit her to obtain further discovery.  *See, e.g., WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491, __ N.E.3d __, ¶ 35 (8th Dist.) ("A party who fails to seek relief under Civ.R. 56(F) in the trial court fails to preserve the issue on appeal"); *See also LexisNexis, a Division of RELX, Inc v. Moreau-Davila*, 2017-Ohio-6998, __ N.E.3d __, ¶ 53 (2d Dist.), *Davidson v. Star Bank, N.A., Tri-State*, 4th Dist. Lawrence No. CA93-4, 1993 WL 37391, *1 (Sept. 14, 1993).

{¶30} She cites no authority for her proposition that attorneys representing a plaintiff must present evidence that they have the "requisite specific authority to sue" the

defendant to withstand summary judgment. *See Roby v. Roby*, 4th Dist. Washington No. 15CA21, 2016-Ohio-7851, ¶ 13 (when an appellant's brief contains no citations to any cases, statutes, or any other authorities in support of an assignment of error, in violation of App.R. 16(A)(7), we may disregard it"). And the summary judgment evidence included Capital One's sworn answers to Rose's interrogatories listing the bank's attorneys in the case. Each of the bank's pleadings was signed by at least one of its attorneys of record in accordance with Civ.R. 11. A willful violation of the rule would subject an attorney to sanctions. *See State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 17.

**{¶31}** Therefore, because Rose's arguments do not establish any error in the trial court's entry of summary judgment in favor of Capital One, we overrule her second assignment of error.

## IV. CONCLUSION

**{¶32}** Rose has not established that the trial court erred in denying her motions to dismiss and granting Capital One's motion for summary judgment. Having overruled her assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**