[Cite as *Doczi v. Blake*, 2021-Ohio-3433.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| ADAM C. DOCZI, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 20CA3 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JOHN J. BLAKE, EXECUTOR OF | : | JUDGMENT ENTRY |
| THE ESTATE OF JOHN E. BLAKE, | : | |
| et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

Michael P. Ferguson, Kemp, Schaeffer & Rowe Co., LPA, Columbus, Ohio, for Appellant.

Heather R. Zilka and Nicholas S. Bobb, Pelini, Campbell & Williams LLC, Dublin, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Adam Doczi, appeals the trial court's grant of summary judgment in favor of Appellee, John J. Blake, Executor of the Estate of John E. Blake, which was issued on January 10, 2020. Doczi and decedent were involved in an automobile accident on November 30, 2016, which caused the death of decedent and caused serious personal injuries to Doczi. On appeal, Doczi contends that the trial court erred by granting the executor's motion for summary judgment.

Because we find that the trial court properly granted summary judgment in favor of the executor of the estate on the limited issue of whether Doczi can collect any potential award in this case from the assets of the estate, we affirm that portion of the order granting summary judgment. However, to the extent the trial court went beyond the limited issue of collection from the estate and also found that Doczi was completely barred from bringing his negligence claims against the estate in order to obtain a judgment and collect any potential award from available insurance coverage decedent had at the time of the accident, the trial court erred, as insurance proceeds would not constitute assets of the estate. Unfortunately, the trial court's summary judgment decision and order is not completely clear regarding the extent of the relief granted. Thus, we must also conclude that in the event the trial court did not intend to make such a finding in its grant of summary judgment, it later erred when it subsequently dismissed all of Doczi's remaining claims in its "Entry Dismissing Case," which was filed on February 12, 2020, after Doczi filed a voluntary notice of partial dismissal of the case as to the John Doe individual and corporate defendants on January 27, 2020.

{¶2} Because, it appears that the trial court's grant of summary judgment may have exceeded the relief sought by the executor in the summary judgment motion, the summary judgment order is affirmed in part and reversed in part. Additionally, to the extent the trial court later dismissed all of Doczi's remaining

claims against the estate in its February 12, 2020 dismissal order, that order is also reversed.  More specifically, the grant of summary judgment is affirmed on the issue of whether Doczi can collect any judgment awarded in his favor from the assets of the estate, but it is reversed to the extent the grant of summary judgment extended to Doczi's remaining negligence claims against the estate, to which he may be entitled to collect any judgment awarded to him from any available insurance coverage, as such proceeds would not constitute an asset of the estate. Furthermore, to the extent the trial court's subsequent dismissal order dismissed Doczi's negligence claims that sought a liability determination against the decedent and other parties, the trial court erred and that portion of the order is also reversed.   Accordingly, the judgments of the trial court are affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion— of importance—a liability determination as to the decedent's estate.

## FACTS

{¶3} On November 30, 2016, Adam Doczi and decedent, John E. Blake, were involved in a motor vehicle accident on State Route 7 in Meigs County, Ohio. John E. Blake was killed as a result of the accident and Doczi sustained serious and allegedly permanent injuries.  Although the probate records are not part of the record on appeal, it appears from the record before us that Doczi attempted to

present a claim against decedent's estate on February 17, 2017.  Doczi sent

correspondence, through his counsel, to John J. Blake, the executor of decedent's

estate.  The written correspondence did not contain Doczi's address, as the

claimant, but rather it listed his attorney's address.  The correspondence did not list

an amount being claimed.  It appears counsel for the estate contacted Doczi's

counsel regarding the claim and requested additional information.  The additional

information that was requested was not provided until April 18, 2018, at which

time Doczi's counsel sent the attorney for the estate a letter detailing Doczi's

injuries and setting forth a demand for $3,000,000.

{¶4} Thereafter, on November 5, 2018, Doczi filed a complaint with a jury

demand in the Meigs County Court of Common Pleas naming as defendants John

J. Blake, executor, Geico Insurance Company, as well as four John Doe individuals

and four John Doe corporations.  In his complaint, Doczi alleged that the decedent

"negligently operated his motor vehicle by driving the wrong way on the road

and/or failing to yield the right of way, among other acts of negligence, which

caused a collision between his vehicle and the vehicle being operated by [Doczi]."

Doczi further alleged that he had suffered permanent bodily injury, had incurred

medical expenses in excess of $118,000 and that he expected to incur additional

medical expenses, had suffered intense pain and suffering, as well as impairment

of his ability to enjoy life and engage in daily activities.  He further alleged an

impairment of earning capacity, property damages, and other damages. Doczi's complaint alleged that the John Doe individual and corporate defendants were "contractually responsible through a policy of insurance" and "legally responsible, negligent, or in some other actionable manner, liable for the events and occurrences" described, or had proximately caused his injuries and damages by virtue of either employing decedent or insuring decedent at the time of the accident.[1] Doczi further alleged that the medical expenses he had incurred were a direct and proximate result of decedent's negligence. It also appears Doczi's complaint sought a "declaration" that he:

> [was] insured for purposes of medical payments and UM/UIM coverages afforded under the motor vehicle insurance policies issued by Defendants John Doe Corporations #1-4, for the damages * * * sustained as a result of the accident and fall within the policies' insuring agreements for medical payments and UM/UIM coverages, [and] has satisfied all coverage conditions, and the policies' exclusions do not preclude coverage[.]

{¶5} He sought another declaration, as follows:

> Defendant Geico Insurance Company and/or Defendants John Doe Corporations #1-4 are not entitled to reimbursement/subrogation unless and until Plaintiff is made whole and Plaintiff's litigation fees and expenses are deducted from any recovery; [and] a declaration that Plaintiff is entitled to medical payments benefits pursuant to a contract of insurance with Defendants John Doe Corporations #1-4[.]

---

[1]It appears from the record that decedent was retired at the time of the accident. Doczi raises no argument on appeal that decedent was actually employed at the time of the accident or that his actions in causing the accident at issue were within the scope of his employment.

{¶6} The executor filed an answer, as did Geico, who also filed a cross-claim against the decedent's estate. Thereafter, on February 20, 2019, Doczi and Geico filed a joint stipulation of partial dismissal of all claims against Geico, with prejudice, which noted the parties had reached a settlement. Geico subsequently dismissed its cross-claim against the executor of the estate.

{¶7} The case proceeded through discovery and on September 19, 2019, the executor for the estate filed a motion for summary judgment. The motion was limited in nature to the extent it only sought summary judgment on the issue of financial recovery directly from the estate. In his motion, the executor argued that Doczi was precluded from attempting to seek financial recovery from the estate because he had failed to properly present a timely claim against estate in accordance with R.C. 2117.06.

{¶8} Doczi opposed the motion, arguing that his claim had been properly presented and had satisfied the requirements of R.C. 2117.06. He also argued that, even assuming he had failed to properly present a claim against the estate, he was still entitled to pursue collection from any insurance coverage of decedent because he had properly filed a complaint against the estate within the two-year statute of limitations. He argued that he was entitled to pursue insurance coverage of the deceased tortfeasor regardless of whether he had timely presented a claim to the estate. The executor responded by essentially arguing that the issue of insurance

coverage was premature as Doczi had not yet obtained a judgment against the decedent's estate, and that the issue of insurance coverage would be determined if or when Doczi obtained a judgment. The executor further responded by clarifying that the motion for summary judgment only requested a final determination as to whether Doczi could actually recover from the estate if he were ever to obtain a judgment, and that issues regarding insurance coverage were "for another day."

{¶9} Although a hearing was held on the summary judgment motion on October 23, 2019, it appears that a problem occurred which prevented the hearing from being recorded. Thus, there is no hearing transcript in the record.[2] The trial court issued an order granting summary judgment to the estate on January 10, 2020. In its order, the trial court found that Doczi's presentment of a claim to the estate failed because it did not list the claimant's address, as required by R.C. 2117.06. The trial court found that the claim further failed because it did not set forth the amount being claimed. As to the insurance coverage issue, the trial court stated as follows:

> The Court is not persuaded that there would still be the issue for trial of whether or not Plaintiff can collect from any of the decedent's auto insurance. The issue of what, if any, insurance may cover a loss only applies once there is finding of liability, causation and damages.

---

[2]The trial court did, however, attempt to reconstruct an outline of the hearing from its notes and that outline is included in the appellate record. The trial court filed an entry submitting a "Settled and Approved Statement of Proceedings of the Motion's Hearing on October 23, 2019" on January 21, 2021.

{¶10} The Court reiterated in its order that the executor was "seeking a Summary Judgment that the Plaintiff cannot collect anything from the Estate of John E. Blake, asserting that the Plaintiff failed to comply with Ohio Revised Code Section 2117.06 which mandates how a claimant must present a claim against an estate." Citing a recent decision of the Supreme Court of Ohio, which determined strict compliance with R.C. 2117.06 was required, the trial court concluded as follows: "Defendant, John J. Blake, as Executor of the Estate of John E. Blake, is entitled to Summary Judgment on the issue of whether the Plaintiff can collect any potential award in this case from the Estate of John E. Blake." However, the court went on to state as follows before concluding:

> Plaintiff did not meet the statutory requirements of Ohio Revised Code Section 2117.06. Those statutory requirements are clear and unambiguous. Having failed to meet those statutory requirements, *Plaintiff's claim is barred against the Estate of John E. Blake.* Therefore, Summary Judgment in favor of the Defendant, Estate of John E. Blake is hereby GRANTED. (Emphasis added).

{¶11} Thus, although the trial court initially appeared to limit the grant of summary judgment to the issue of whether Doczi could collect any potential judgment from the assets of the estate, it went on to grant summary judgment and to arguably bar all claims against the estate, not just collection from the estate.

{¶12} It appears that despite filing this order, the case remained open and on the docket. However, it also appears from the record that there was some

confusion between the parties regarding whether the case would continue or whether it should have been terminated.  As a result, the executor filed a motion on January 23, 2020, requesting that the trial court terminate the case.  The motion stated that the court's prior grant of summary judgment disposed "of all of Plaintiff's remaining claims[,]" and that Doczi's counsel also perceived the summary judgment order as disposing "of all Plaintiff's claims * * *." Subsequently, on January 27, 2020, Doczi filed a notice of partial dismissal without prejudice partially dismissing the complaint as to the John Doe individual and corporate defendants.  Thus, Doczi dismissed his claims as to the John Doe defendants, but did not voluntarily dismiss his claims in their entirety.  However, the trial court thereafter filed an entry dismissing the case on February 12, 2020, stating that because summary judgment had been granted in favor of the executor of the estate, and because Doczi had dismissed the John Doe defendants, that "said case is DISMISSED."[3]

{¶13} Doczi's timely appeal is now before this Court for consideration.  On appeal, he raises a single assignment of error for our review, contending that the trial court erred in granting summary judgment in favor of the executor of the estate.

---

[3] Despite the fact that this order was filed after the notice of appeal was filed, this Court is permitted to take judicial notice of the trial court's online docket as pertains to the matters contained in this appeal. *State v. Kempton*, 4th Dist. Ross No. 15CA3489, 2018-Ohio-928.

ASSIGNMENT OF ERROR

I.      "THE   TRIAL   COURT   ERRED   IN   GRANTING
        DEFENDANT-APPELLEE      JOHN      J.      BLAKE,
        EXECUTOR OF THE ESTATE OF JOHN  E.
        BLAKE'S MOTION FOR SUMMARY JUDGMENT."

{¶14} In his sole assignment of error, Doczi contends that the trial court

erred in granting the executor's motion for summary judgment.  He presents two

issues for review under this assignment of error.  First, he contends there exists a

question with respect to whether the presentment of his claim against the estate

complied with R.C. 2117.06.  More specifically, he questions whether listing the

claimant's attorney's address constitutes listing the "claimant's address" for

purposes of R.C. 2117.06.  He also questions whether a claimant is required to

provide a specific amount sought when presenting a claim against an estate when

the amount of the claim is uncertain because it is grounded in tort rather than

contract.  Second, Doczi contends there exists a question as to whether he was

barred from pursuing his claim against the estate to recover automobile liability

insurance proceeds.

Standard of Review

{¶15} Appellate review of summary judgment decisions is de novo and is

governed by the standards of Civ.R. 56.  *Vacha v. N. Ridgeville*, 136 Ohio St.3d

199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19; *Citibank v. Hine*, 2019-Ohio-464,

130 N.E.3d 924, ¶ 27 (4th Dist.).  Summary judgment is appropriate if the party

moving for summary judgment establishes that: 1) there is no genuine issue of material fact; 2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made; and 3) the moving party is entitled to judgment as a matter of law.  *Capital One Bank (USA) N.A. v. Rose*, 4th Dist. Ross No. 18CA3628, 2018-Ohio-2209, ¶ 23; Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

{¶16} The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27; *Hine* at ¶ 28.  Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial.  *Dresher* at 293.  *See also Capital One Bank, supra*, at ¶ 24.  In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in favor of the nonmoving party.  Civ.R. 56(C).  *State ex rel. Deem v. Pomeroy*, 2018-Ohio-1120, 109 N.E.3d 30, ¶ 19 (4th Dist.).

Legal Analysis

{¶17} As set forth above, Doczi first contends that the trial court erred in granting summary judgment in favor of the estate because he properly presented his claim to the estate in accordance with R.C. 2117.06. R.C. 2117.06, which governs the presentation of creditor's claims against estates, provides in section (A)(1)(a)-(c) as follows:

    (A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
    (1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:
    (a) To the executor or administrator in a writing;
    (b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;
    (c) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually received by the executor or administrator only if the person charged with the primary responsibility of administering the estate of the decedent actually receives the writing within the appropriate time specified in division (B) of this section.

{¶18} Importantly, the statute further provides as follows in section (B):

    (B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator

is appointed during that six-month period. *Every claim presented shall set forth the claimant's address.* (Emphasis added).

{¶19} Further, the statute provides in section (C) as follows:

(C) Except as provided in section 2117.061 of the Revised Code, *a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties*, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims. (Emphasis added).

{¶20} Here, the trial court found that Doczi's attempt to present a claim against the estate failed because it did not comply with the requirements of R.C. 2117.06. Although Doczi served both the executor and the attorney for the executor with the purported claim, the claim listed the address of Doczi's attorney rather than his own address and it also failed to state the amount of the claim. Doczi argued below and also argues on appeal that listing his attorney's address on the claim was proper because he was represented by counsel, and that it was effective because the attorney for the estate communicated with Doczi's counsel regarding the claim. However, the trial court rejected these arguments based on a recent decision issued by the Supreme Court of Ohio which makes clear that strict compliance with R.C. 2117.06 is required.[4]

---

[4]*Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242.

{¶21} Nonetheless, Doczi maintains on appeal that listing his attorney's address on the purported claim sufficiently complied with the requirements of R.C. 2117.06. He cites two cases in support of his argument; *Bush v. Estate of O'Dell*, 5th Dist. Licking No. CA-3705, 1992 WL 61283 and *Wulftange Iron Works, Inc. v. Lakes*, 1st Dist. Butler Nos. CA77-01-0001 and CA77-01-0002, 1979 WL 208619. In *Bush*, the trial court stated that "[a] claim against an estate need not be in any particular form as long as it substantially complies with R.C. 2117.06, and is recognized by the fiduciary as a claim against the estate." *Bush* at *1, citing *Gladman v. Carns*, 9 Ohio App.2d 135, 223 N.E.2d 378 (1964). The *Bush* court ultimately found that listing a claimant's attorney's address on a claim presented against an estate substantially complied with R.C. 2117.06, especially where the record indicated that the estate recognized the claim by mailing a rejection letter to the address listed on the claim. *Bush* at *2.

{¶22} In *Wulftange*, although the court found that the claim at issue was "inexcusably sloppy" and "legally slovenly to the extreme," it determined that the claimant's designation of his attorney's address instead of his own address was sufficient. *Wulftange* at *5 ("Nothing in the statute precludes such an address, no case has been cited so holding, nor has any reason been given us why such an address should not be deemed sufficient.") In reaching its decision, the *Wulftange*

court noted that "it must be born in mind that the Ohio Supreme Court has not insisted upon the literal and rigid interpretation of R.C. 2117.06 * * *." *Id.* at *6.

{¶23} However, both *Bush* and *Wulftange* were decided well before the Supreme Court of Ohio's more recent decision in *Wilson v. Lawrence*, *supra*. In *Wilson*, the Court considered the following question:

> * * * [W]hether a claimant seeking to file a claim against an estate meets the requirement of R.C. 2117.06(A)(1)(a) to "present" a claim "[t]o the executor or administrator in writing" when the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate.

*Wilson* at ¶ 1.

{¶24} The purported claim in *Wilson* was delivered to the decedent's personal secretary as well as his accountant, but not to the executor of the decedent's estate. *Id.* at ¶ 4. The *Wilson* Court held as follows, despite the fact that the executor was timely forwarded the claim by those individuals:

> A claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate.

*Wilson* at syllabus.

{¶25} In reaching its decision, the *Wilson* Court rejected what it described as a "softened" standard of presentment, instead finding that the plain language of the

statute requires that creditors "shall" present their claims "to the executor or administrator[,]" that " ' "shall" means must[,]' " and that " '[t]he word "must" is mandatory.' " *Id.* at ¶ 7, 12 and 13, quoting *Application of Braden*, 105 Ohio App. 285, 286, 148 N.E.2d 83 (1st Dist. 1957), in turn citing *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971) and *Cleveland Ry. Co. v. Brescia*, 100 Ohio St. 267, 126 N.E. 51 (1919); *Willis v. Seeley*, 68 N.E.2d 484, 485 (C.P.1946). The Court ultimately determined that "[t]he statute is not ambiguous[,]" and that "we assume the General Assembly's commands in the statutory scheme were intended to be met with strict compliance." *Wilson* at ¶ 12, 14. Thus, the Court rejected Wilson's contention that substantial compliance with the statute should be permitted, based upon its reasoning that " 'a statute or rule that uses the word "shall" in describing an act to be performed is not generally susceptible of a "substantial compliance" standard of interpretation.' " *Wilson* at ¶ 14, quoting *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28.

{¶26} After *Wilson* was decided, the Eighth District Court of Appeals held that delivery of a claim to the attorney for the executor of an estate likewise failed to comply with the claim presentment requirements set forth in R.C. 2117.06, despite the fact that the attorney gave the claim to the executor. *Stafford Law Co., L.P.A. v. Estate of Coleman*, 2021-Ohio-1097, -- N.E.3d -- (8th Dist.2021). In

reaching its decision, the *Stafford* court rejected the claimant's argument that the case was distinguishable from *Wilson* because the claim in *Wilson* was not served on the attorney for the estate, but rather the decedent's personal secretary and accountant. *Id.* at ¶ 28. The *Stafford* court declined "to apply a more relaxed standard" and instead held that *Wilson* constituted "binding precedent from the Ohio Supreme Court."

{¶27} We conclude that we are also bound by the Supreme Court of Ohio's decision in *Wilson* to hold that listing a claimant's attorney's address on a purported claim against an estate, rather than the claimant's own address, likewise fails to strictly comply with the requirements contained in R.C. 2117.06. Thus, because Doczi failed to meet this requirement for the proper presentment of a claim against the estate under R.C. 2117.06, the trial court did not err in granting summary judgment in favor of the estate on the issue of whether any judgment obtained against the estate could be collected from the assets of the estate. Further, having determined that Doczi's claim failed to provide the claimant's address as required by R.C. 2117.06, we need not reach the additional question of whether the purported claim also failed based upon the fact that Doczi failed to set forth the amount being sought, as the question has been rendered moot.

{¶28} Our analysis, however, does not end here. As indicated above, Doczi sets forth a second issue for review under this assignment of error. Dozci contends

that he was entitled to assert a claim against the estate beyond the six-month limitation set forth in R.C. 2117.06, in order to pursue recovery against an insurance policy held by the decedent. More specifically, Doczi argues that although reference was made below to a denial of insurance coverage on the part of decedent at the time of the accident, he "is entitled to pursue his claim against the Estate, and if successful is similarly entitled to pursue a supplemental complaint to determine insurance coverage in place at the time of the accident, pursuant to R.C. 3929.06." He claims the trial court erred to the extent it denied him that opportunity. Based upon the following, we agree with Doczi's argument.

{¶29} The executor's motion for summary judgment simply asked the trial court for judgment as a matter of law on the issue of whether or not Doczi should be precluded from financial recovery directly from the estate. In his memorandum contra to the executor's motion for summary judgment, Doczi argued that regardless of whether he had met the claim presentment requirements contained in R.C. 2117.06, he was still entitled to pursue a claim against the estate and to pursue any insurance coverage decedent had because he had filed his complaint for personal injury within the two-year statute of limitations for the filing of those types of claims. Doczi further argued that material issues of fact remained regarding insurance coverage of the decedent and that he was entitled to pursue insurance coverage of the deceased tortfeasor regardless of whether he timely

presented a claim to the estate. The executor thereafter responded by arguing that the issue of insurance coverage would only be determined if or when Doczi were to obtain a judgment, and that currently Doczi had not obtained a judgment. The executor further clarified that its motion for summary judgment only addressed the issue of whether Doczi could actually recover from the assets of the estate, in the event Doczi was able to obtain a judgment against the estate.

{¶30} However, as noted above, the trial court's summary judgment decision was unclear as to the scope of the court's ruling. In one sentence, the trial court stated that "Defendant, John J. Blake, as Executor of the Estate of John E. Blake, is entitled to Summary Judgment on the issue of whether the Plaintiff can collect any potential award in this case from the Estate of John E. Blake." We agree with this finding of the trial court. However, in another section of the order the trial court stated as follows:

> Plaintiff did not meet the statutory requirements of Ohio Revised Code Section 2117.06. Those statutory requirements are clear and unambiguous. Having failed to meet those statutory requirements, Plaintiff's claim is barred against the Estate of John E. Blake. Therefore, Summary Judgment in favor of the Defendant, estate of John E. Blake is hereby GRANTED.

Thus, the trial court arguably went on to hold that all of Doczi's claims were barred against the estate, rather than just that collection from the assets of the estate was barred. The trial court's intent, however, is unclear.

{¶31} It must be remembered that questions regarding the validity of the claim presentment in this case arose in the larger context of a complaint alleging personal injuries based upon the decedent's negligence that was filed in the court of common pleas, and was not simply a challenge to a probate court's determination that Doczi failed to properly present a claim against the estate in accordance with R.C. 2117.06. Thus, aside from the question of whether the claim was properly presented against the estate, the complaint at issue also set forth claims for personal injury, negligence, medical expenses, pain and suffering, property damage, and impairment of earning capacity, and it sought a liability determination on those issues. Somehow, this case appears to have been completely concluded by a grant of summary judgment on the issue of whether a claim had been properly presented against the estate, without addressing any of the other claims to the extent a liability determination was sought for purposes of collecting from assets outside of the estate, such as insurance coverage available to decedent at the time of the accident.

{¶32} In fact, the trial court stated as follows regarding the issue of insurance coverage in its summary judgment order:

> The Court is also not persuaded that there would still be the issue
> for trial of whether or not Plaintiff can collect from any of the
> decedent's auto insurance. The issue of what, if any, insurance
> may cover a loss applies once there is a finding of liability,
> causation and damages.

Thus, the court acknowledged that issues regarding liability and potential insurance coverage remained to be determined. Yet, in its order, the trial court arguably found any and all claims barred against the estate, beyond simply the question of whether any judgment could be collected from the assets of the estate.

{¶33} Alternatively, if the trial court did not intend to grant summary judgment on the claims themselves, rather than just the manner of collection in the event the claims were successful, the trial court subsequently erred when it dismissed the entire case on February 12, 2020, in response to Doczi's notice of voluntary dismissal of the complaint as to the John Doe individual and corporate defendants. Instead of simply dismissing the case as to those defendants, the trial court went on to state that because summary judgment had been granted in favor of the estate, and because Doczi had dismissed the John Does, "said case is dismissed." We conclude that to the extent the trial court's summary judgment order or its subsequent dismissal entry dismissed all remaining claims against the estate, the court erred and the orders must be reversed.

{¶34} Importantly, in addition to setting forth the requirements for the presentation of claims against an estate that seek collection from assets of the estate, R.C. 2117.06 also provides in section (G) as follows:

(G) Nothing in this section or in section 2117.07 of the Revised

Code shall be construed to reduce the periods of limitation or periods prior to repose in section 2125.02[5] or Chapter 2305.[6] of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code.

As set forth above, R.C. 2117.06(A), (B) and (C) only address presentment of claims to the estate which seek collection from assets of the estate. R.C. 2117.06(G) contemplates there may be other claims made against the estate that seek recovery from assets outside of the estate.

{¶35} Moreover, R.C. 3929.06 is entitled "Liability insurance applied to satisfaction of final judgment; supplemental complaint; coverage defenses[]" and provides, in pertinent part, as follows:

(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability

---

[5]R.C. 2125.02 of the Ohio Revised Code governs actions for wrongful death.
[6]Chapter 2305 of the Ohio Revised Code governs jurisdiction and limitation of actions in common pleas courts with respect to actions based upon contract, tort and other miscellaneous grounds.

coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

Thus, R.C. 3929.06 provides, as argued by Doczi, that should Doczi obtain a civil judgment awarding him damages as against the decedent's estate, and should it be determined that decedent had liability insurance coverage for the loss, Doczi is entitled to have his judgment satisfied by that coverage and is entitled to file a supplemental complaint against the insurer at that time seeking the entry of a judgment ordering the insurer to pay the judgment.

{¶36} In *Heuser v. Crum*, the Supreme Court of Ohio held as follows on this particular issue:

Where it is alleged in an action for bodily injuries that such injuries were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence, and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent, and decedent's liability insurer, at any time within the statute of limitations on such actions without presenting a claim

against the estate within the time specified in R.C. 2117.06 or R.C. 2177.07 * * *.

*Heuser v. Crum*, 31 Ohio St.2d 90, 285 N.E.2d 340, paragraph two of the syllabus (1972).

{¶37} In *Heuser*, the Court noted that the appellants were barred from presenting claims against the assets of the estate because they failed to present their claims to the administrator within the time limit set forth in R.C. 2117.06. *Id.* at 92. The Court further noted that appellants "were precluded from the terms of R.C. 3929.06 from instituting any action directly against the decedent's liability insurer because they failed to first obtain a 'final judgment' against the adminstratrix 'for loss or damage on account of bodily injury.' " *Id.* However, the Court went on discuss the fact that a 1963 amendment to R.C. 2117.07 (which language now appears in R.C. 2117.06(G)) provided that " '[n]othing in this section or in section 2117.06 * * * shall reduce the time mentioned in section * * * 2305.10 * * * provided that no portion of any recovery on a claim brought pursuant to such section * * * shall come from the assets of an estate * * *." *Id.*

{¶38} The Court further observed that R.C. 2305.10 provided for a two-year statute of limitations for actions for bodily injury. *Id.* In issuing its decision, the Court explained that "the amendments of R.C. 2117.07 [now R.C. 2117.06(G)] * * * were intended to alleviate the inequity that R.C. 2117.06 and 2117.07 worked upon parties who suffered bodily injury in some instances where the defendant

died before the lawsuit was filed." *Id.* at 94, citing Kent, Notification of Tort

Claims Against Decedent's Estates: A Trap for the Unwary Lawyer, 35 Ohio Bar

(No. 50) 155 (1962)." Here, as set forth above, Doczi sustained injuries in an

automobile accident which was also the proximate cause of decedent's death.

Much like Heuser, Doczi is barred from seeking recovery directly from the estate,

as he failed to properly present a claim against the estate in compliance with R.C.

2117.06. Likewise, he cannot yet seek recovery directly from any insurance carrier

because he has to first obtain a judgment against decedent's estate. Having filed

his complaint for personal injuries within the two-year statute of limitations for

filing such claims, Doczi was entitled to pursue a judgment against the estate and

to seek recovery from assets outside the estate, as contemplated by both R.C.

2117.06(G) and R.C. 3929.06.

{¶39} In light of the foregoing, we conclude that the trial court correctly

granted summary judgment in favor of the estate on the issue of whether Doczi

properly presented a claim to the estate in accordance with R.C. 2117.06 and

whether Doczi could collect any potential judgment from the assets of the estate.

However, we also conclude that the trial court erred to the extent that its order

granting summary judgment, and/or its subsequent order issued on February 12,

2020, dismissed the case in its entirety which, in effect, dismissed all remaining

claims against the estate which sought a liability determination against decedent's

estate for purposes of collection of the judgment from assets outside of the estate, such as insurance policies providing coverage to the decedent at the time of the accident.  Accordingly, that portion of the summary judgment order, as well as the February 12, 2020, order are hereby reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., Concurs in Judgment and Opinion.
Wilkin, J. Concurs in Judgment Only.


For the Court,

_____
Jason P. Smith
Presiding Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**